```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BARRY VALLEN,

                Plaintiff,
                                                ORDER
        -against-                               16-CV-2893(JS)(ARL)


CAROL HALL, RESHAWN NEWSON, GORDEN
MAY, STEVE SYDZIAC, and JANE & JOHN
DOE ADMINISTRATIVE STAFF,

                Defendants.
----------------------------------X
BARRY VALLEN,

                Plaintiff,

        -against-                               16-CV-3963(JS)(ARL)


GORDEN MAY, CAROL HALL, 7TH FLOOR
ADMINISTRATORS, RESHAWN NEWSON,
and STEVE SZDYIAK,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Barry Vallen, pro se
                    0142991
                    Pilgrim Psychiatric Center Hospital
                    998 Crooked Hill Road, Ward 401
                    W. Brentwood, NY 11717

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On May 31, 2016, pro se plaintiff Barry Vallen ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Carol Hall ("Hall"), Reshawn Newson ("Newson"), Gordon May ("May"), Steve Sydziac ("Sydziac"), and "John & Jane Doe Administrative Staff" ("Staff") (collectively,

"Defendants") (the "May Complaint")[1], accompanied by an application to proceed in forma pauperis. On July 13, 2016, Plaintiff filed another Complaint (the "July Complaint")[2], against the same Defendants, alleging the same claims arising from the same incident described in the May Complaint. Plaintiff also submitted an application to proceed in forma pauperis with both Complaints. Given the similarity of the May and July Complaints, the Court CONSOLIDATES Plaintiff's Complaints under the first-filed case, 16-CV-2893. The Court ORDERS that all future filings be made only under docket number 16-CV-2893 and that the case assigned docket number 16-CV-3963 be marked CLOSED.

Upon review of the declarations in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence these actions without prepayment of the filing fees. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiffs' requests to proceed in forma pauperis are GRANTED.

However, although Plaintiff includes Hall, May, and unnamed Staff in the captions, there are no factual allegations against these defendants and none of these defendants are mentioned

---

[1] The May Complaint was assigned docket number 16-CV-2893.

[2] The July Complaint was assigned docket number 16-CV-3963. The Plaintiff names the "7th Floor Administrators" instead of the Staff in the July Complaint. For clarity, the term "Staff" will be used to refer to all of the unnamed Defendants.

in the body of either Complaint. In order to state a claim for relief under 42 U.S.C. § 1983 ("Section 1983") against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. <u>Farid v. Elle</u>, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in <u>Iqbal</u> that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Here, as is readily apparent, Plaintiff's Complaints do not allege a plausible Section 1983 claim against any of these individuals. Similarly, Plaintiff does not include any factual allegations against the unnamed Staff. Accordingly, Plaintiff's claims against Hall, May and the Staff are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Clerk of the Court is directed to forward copies of the Summonses, Complaints, and this Order to the United States Marshal Service for service upon Newson and Sydziac without prepayment of fees, and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure by mailing a copy of this Order to <u>pro se</u> Plaintiff at his last known address. <u>See</u> FED. R. CIV. P. 5(b)(2)).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November __14__, 2016
       Central Islip, New York